UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TAMARA NELSON,

                      Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

------------------------------------------------------------------ x

MEMORANDUM & ORDER

14 Civ. 1109 (ENV)

VITALIANO, D.J.

    In February 2014, plaintiff Tamara Nelson filed a complaint, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") finding that her disability had ended in April 2010. (Mem. & Order at 5, ECF No. 18). On December 31, 2014, Judge John Gleeson issued a Memorandum and Order (the "Order") remanding Nelson's case to the Commissioner for the calculation and award of benefits. (*Id.* at 21). On November 14, 2016, appearing *pro se*, plaintiff filed a letter motion, which requested that the Court seal her casefile because some "law research blogs" had posted the Order online and the publication of this information was frightening her. (Letter, ECF No. 17). Without elaboration, Nelson also asserted that the publication of this material had caused her to fear for her safety. (*Id.*). On December 6, 2016, the Court denied Nelson's motion to seal this ordinary public court record. (Order Denying Mot. to Seal, ECF No. 21).

    Nelson thereafter filed a letter, which the Court interpreted as a motion for reconsideration. (Reconsideration Letter, ECF No. 22). In her letter, Nelson distraughtly

1

explained that the availability of the Order online had only worsened her anxiety and depression and had caused her to suffer panic attacks. (*Id.*). She also offered that, even if the Order could not be sealed, she would feel better if it did not appear on law blogs or show up in online search results. (*Id.*). The Court denied reconsideration because Nelson had made "no showing of this Court's misapprehension of facts or law at the time of its ruling that would require this Court to revisit its prior decision." (12/20/16 Docket Order (citing *Schrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))).

Undaunted by the reaffirmation of the prior ruling, on March 6, 2017, Nelson filed another letter, styled on the docket as a motion to seal. (Second Mot. to Seal, ECF No. 23). In this letter, Nelson reiterated her prior lamentations that her anxiety and depression had worsened because of the Order's presence online. (*Id.*). The letter went on to explain that she has lost friends as a consequence. (*Id.*). All of this prompted her request that the Order be sealed so that it will be blocked from search engines. (*Id.*).

As an initial matter, despite being styled on the docket as a motion to seal, Nelson's March 6, 2017, letter is more appropriately characterized as yet another motion for reconsideration. As such, her motion is untimely because it was filed more than 14 days following the entry of the order denying her motion to seal. See E.D.N.Y. Local Civil Rule 6.3. While her *pro se* status might excuse the tardiness, far more importantly, as with her first motion for reconsideration, the present motion does not demonstrate any misapprehension by the Court of facts or law at the time of its ruling that would require a revisit of the original decision. *See Schrader*, 70 F.3d at 257. The facts presented in Nelson's March 6, 2017, letter, simply, do not alter the factual or legal landscape.

2

The denial of her motion in no way suggests that the Court does not take Nelson at her word that the availability of the Order online has caused her great distress. The public availability of such orders is, unfortunately for her, the consequence of a public dispute resolution system financed with taxpayer funds. Electronic access, moreover, is not unique to Nelson's case; nor, surely, is Nelson alone in unhappiness. In Social Security cases, orders regularly include sensitive personal health information regarding a claimant's disability. But, we do not have Star Chamber justice in the United States. Access by the media, the legal profession and the public at large to courts deciding cases openly on the public record helps solidify that arrangement, which is why, consequently, the Federal Rules of Civil Procedure establish a baseline requirement that orders such as the one aggrieving Nelson will be available to the public through remote electronic access. *See* Fed. R. Civ. P. 5.2(c)(2).

Moreover, it is the availability of public access to such decisions that helps ensure the refreshed validity of caselaw and that parties similarly situated are treated equally under the law. In line with these considerations, a movant bears a weighty burden when requesting that a case be sealed. *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Succinctly, Nelson's predicament is no different than that facing any other social security claimant who brings her case in federal court, and, at bottom, nothing in Nelson's file qualifies for sealing, especially since the horse of online access to the Order has long since left the barn. Consequently, neither Nelson's case (broadly) nor the Order (specifically) will be ordered sealed, and her motion seeking such relief is denied.

Conclusion

For the reasons discussed above, Nelson's motion for reconsideration and for an order sealing her docket is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to maintain this case on the closed docket.

So Ordered.

Dated: Brooklyn, New York
       March 25, 2017

                                        s/ Eric N. Vitaliano
                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge